IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

KCOOPER BRANDS, INC. D/B/A
DEMPSEY INTERNATIONAL PACKAGING,

        Plaintiff,

   v.

WEXFORD LABS, INC.,

        Defendant.

---

## COMPLAINT

Plaintiff KCooper Brands, Inc. d/b/a/ Dempsey International Packaging ("Dempsey"), through undersigned counsel, brings the following Complaint against Wexford Labs, Inc. ("Wexford"), and alleges the following:

### INTRODUCTION

1.    This is a breach of contract case arising from Wexford's failure to remit payment due under the Parties' contract. Wexford submitted two purchase orders to Dempsey for the purchase of packaging goods, at a purchase price of approximately $8.5 million, for use in Wexford's antimicrobial and disinfectant products. In response, Dempsey issued invoices to Wexford to fulfill its purchase orders, which under the applicable terms and conditions called for payment in full on the purchased products within thirty days of the invoices' submission.

2.    Wexford has failed to comply with this duty. The time for Wexford to pay the purchase price in full has long passed, yet Wexford owes a remaining balance of over $2.4 million.

3.    Based on Wexford's failure to pay amounts owed, Dempsey seeks relief including damages in the amount of the unpaid balance of the purchase price (in excess of $2.4 million), plus

other damages rising from Wexford's breach, plus interest and attorney's fees permitted by the contract.

## PARTIES

4.     Plaintiff KCooper Brands, Inc. d/b/a Dempsey International Packaging ("Dempsey") is a Colorado corporation located at 27371 E Lakeview Dr., Aurora, Colorado 80016.

5.     Defendant, Wexford Labs, Inc. ("Wexford") is a Missouri Corporation located at 325 Leffingwell Avenue, Kirkwood, Missouri 63122.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Dempsey's claims occurred in Colorado.

8.     This Court has specific personal jurisdiction over Defendant Wexford because this action rises out of Wexford's contacts with this forum—specifically, its contract with Dempsey, a Colorado company located in Colorado. In addition, through the applicable terms and conditions (which requires the application of Colorado law to adjudicate this dispute), the Parties consented to jurisdiction in this Court.

## FACTUAL ALLEGATIONS

9.     Dempsey is a Colorado Corporation which provides packaging supplies for other businesses—like Wexford—to facilitate the packaging of their products.

10.     Wexford is a Missouri Corporation which creates antimicrobial and disinfectant products for consumers.

11.     On November 16, 2020, Wexford issued a purchase order to Dempsey for a total of $4,280,000.00 worth of packaging goods for use in Wexford's hand sanitizer and disinfectant products.

12.     On February 1, 2021, Wexford issued a second purchase order to Dempsey for a total of $4,280,000.00 worth of packaging goods for use in Wexford's hand sanitizer and disinfectant products.

13.     To complete the orders, Dempsey sent a series of invoices to Wexford between January 29, 2021 and June 1, 2021 (collectively, the "Invoices").

14.     Each of Dempsey's invoices are submitted pursuant to terms and conditions that form part of the binding contract between Dempsey and Wexford. *See Offen, Inc. v. Rocky Mountain Constructors*, 765 P.2d 600, 601 (Colo. App. 1988).

15.     The terms and conditions require full payment within thirty days of submission, as set forth in the following provision:

> Prices/Exclusions/Shipping. Purchaser acknowledges that prices, whether they appear in the Website, on a price list, or in any other form or medium, are effective only for orders shipped on the date that they appear; Dempsey International Packaging may change prices at any time without notice. Prices in quotations are effective for the specific time period stated in the quotation or, if no time period is stated, 30 days. If Purchaser is an existing customer currently purchasing Goods at a certain price, Dempsey International Packaging may change its prices at any time upon 30 days' written notice or upon 10 days' written notice in case of a sudden severe increase in materials prices or other costs. Any temporary surcharge imposed by Dempsey's suppliers will be passed on to Purchaser during whatever period of time such surcharge might be in effect. Price increases for components

3

> purchased by Dempsey International Packaging on Purchaser's behalf for inclusion in finished Goods shall be passed on to Purchaser without advance notice and due immediately without regard to Purchaser's payment terms or standard payment terms in section 3 below.

Terms and Conditions § 2.

16.     Section 2 also provides that if any payment is past due, Dempsey may impose a service charge of up to 1.5 percent per month.

17.     Under Section 14 of the Terms and Conditions, "The prevailing party in any litigation to enforce the Agreement shall be entitled to recover its reasonable attorneys' fees and expenses."

18.     Wexford was aware of the Terms and Conditions, consented to their provisions, and failed to object to any provision.

19.     Dempsey has complied with all of its obligations under the Parties' contract, or, in the alternative, is excused from performing due to Wexford's material breaches. In particular, Dempsey produced the ordered product which remains in storage facilities based on the orders and commitments of Wexford.

20.     Wexford has failed to pay the purchase price in full when payment was due, with a balance due in excess of $2.4 million.

21.     Wexford's failure to remit payment within thirty days of receiving the Invoices constituted a breach of the Terms and Conditions.

22.     Wexford's failure to pay the outstanding balance for products that it ordered has caused Dempsey to suffer additional damages, including storage fees for goods that remain in storage awaiting shipment upon full payment of the purchase price.

## COUNT 1

**Breach of Contract**

23.     Plaintiff realleges and incorporates all prior paragraphs of this Complaint as if alleged herein.

24.     Dempsey and Wexford entered a binding contract for the sale of goods.

25.     The Terms and Conditions were incorporated into Dempsey and Wexford's binding contract.

26.     Section 12 of the Terms and Conditions expressly provided that the agreement was to be governed by the laws of the State of Colorado.

27.     Wexford breached the contract by failing to remit payment for the purchased goods by the specified due date.

28.     Dempsey has satisfied any and all conditions precedent to bring this lawsuit under the Terms and Conditions.

29.     Dempsey suffered damages in the amount of at least the unpaid balance on the purchase price (in excess of $2.4 million), plus interest, as a result of Wexford's breach.

30.     Dempsey continues to suffer additional damages rising from Wexford's breach, including but not limited to the costs of storing the product Wexford ordered and for which it has not paid.

31.     Under Terms and Conditions, Dempsey is also entitled to attorney's fees related to bringing this lawsuit.

## COUNT 2

**Promissory Estoppel**

32.     Plaintiff realleges and incorporates all prior paragraphs of this Complaint as if alleged herein.

33.     Wexford made a promise to Dempsey that it would pay for and accept the product that it ordered.

34.     Wexford should reasonably have expected that its promise would induce action by Dempsey.

35.     Dempsey reasonably relied on the promise to its own detriment.

36.     Wexford's promise must be enforced to prevent injustice.

## PRAYER FOR RELIEF

WHEREFORE, Dempsey respectfully requests that judgment be entered in full on its claim for Breach of Contract, and that this Court:

A.     Award Dempsey actual and consequential damages for Defendant's breach contract, including pre- and post-judgment interest;

B.     Award attorney's fees and costs associated with Dempsey's collection efforts, including the fees and costs associated with litigating this action; and

C.     Award Dempsey any other relief that the Court deems just and equitable under the circumstances.

Dated: August 20, 2021                              Respectfully submitted,


                                                    /s/ Douglas N. Marsh
                                                    Douglas N. Marsh
                                                    Nicholas R. Peppler
                                                    ARMSTRONG TEASDALE LLP
                                                    4643 South Ulster Street, Suite 800
                                                    Denver, Colorado 80237
                                                    Tel.: 720-200-0676

Fax: 720-200-0679
dmarsh@atllp.com
npeppler@atllp.com

*Attorneys for Dempsey International Packaging*